**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

---

JUDEKENNETH MADUKA ORJI,

                Plaintiff,

    v.                                    Civil Action No. 23-cv-02986-LKG

CITADEL SECURITIES, LLC, *et al.*,

                Defendants.

---

### JOINT NOTICE OF INTENT TO FILE MOTION TO DISMISS AND REQUEST FOR A PRE-MOTION CONFERENCE

       Pursuant to Section II.A.2 of the Case Management Order (ECF No. 3, the "CMO"), the defendants represented by the undersigned (the "Moving Defendants") hereby give notice of their intent to file a motion to dismiss the verified Amended Complaint (the "complaint" or "Compl.") pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and Section 21D(b) of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b). Moving Defendants are prepared to file their motion, and propose 30 days for Plaintiff to oppose and 20 days for Moving Defendants to reply. On January 25, 2024, the undersigned provided a draft of this Notice to Plaintiff's counsel. On January 29, Plaintiff's counsel replied that he had shared the draft Notice with his client, and "Plaintiff will not [be] dismissing the defendants in this matter." Moving Defendants respectfully request a pre-motion conference pursuant to CMO Section II.A.1.

       Plaintiff alleges that he posted disparaging comments on the internet about defendants' supposed stock manipulation. *See* Compl. ¶ 42. He believes that to "punish" him for that (*id.*), 30 "Market Makers," including the 15 Moving Defendants, conspired to "hack into and access" his personal electronic devices, "stalk and monitor Plaintiff on these devices, obtain financial records and other data, and deceive and defraud Plaintiff by fixing, paralleling, [and] manipulating the quotations and prices of the securities in his brokerage accounts." *Id.* ¶ 1; *accord id.* ¶ 4. Plaintiff asserts that the alleged conduct violated the Securities Exchange Act of 1934 ("Exchange Act"); the Computer Fraud and Abuse Act ("CFAA"); and the Sherman Act. Plaintiff also asserts an intentional infliction of emotional distress ("IIED") claim. Each claim fails as a matter of law.

### The Exchange Act Claims Fail

      The Exchange Act claims are time-barred. Section 10(b) claims must be brought within "2 years after the discovery of the facts constituting the violation[.]" 28 U.S.C. § 1658(b)(1). Plaintiff filed this lawsuit on November 1, 2023. But the complaint, which Plaintiff verified, shows that before November 1, 2021, Plaintiff became aware of the very misconduct he alleges. For example, Plaintiff alleges that on October 19, 2021, he called his

broker to "complain[] about the manipulation" by Moving Defendants. Compl. ¶ 54. He alleges that on October 21, 2021, he filed complaints with the FTC and FBI. *Id*. ¶ 55. And he alleges that on October 27, 2021, he called his broker again to complain about Moving Defendants' alleged manipulation. *See id*. ¶ 54. Because Plaintiff pleads that he discovered what he believed were the facts constituting the alleged Exchange Act violations more than two years before he filed this lawsuit, his Exchange Act claims are time-barred.

Even if the statute of limitations were no bar, the complaint fails to state a claim under the Exchange Act. A Section 10(b) market manipulation claim "requires" a plaintiff to allege manipulative acts, loss caused by reliance on an assumption of an efficient market free of manipulation, and scienter. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007). Plaintiff has not pleaded these elements.

First, Plaintiff fails to plead reliance. Although Plaintiff parrots the words of this element (*see* Compl. ¶¶ 72, 100, 109), those conclusory statements do not square with Plaintiff's core contention. He alleges that before the relevant period, he "participated actively" in online discussions about "stock manipulation by market makers," and that during the relevant period, Moving Defendants "conspired to target and manipulate his portfolio in order to punish him for his views[.]" *Id*. ¶ 42. Thus, his own verified pleading shows that **before** the alleged conspiracy began, Plaintiff did **not** believe the market was free of manipulation. Having pleaded facts that belie his professed belief in an efficient, unmanipulated market, Plaintiff cannot plausibly plead the reliance element of his Exchange Act claims.

Second, he has not pleaded any fact showing that Moving Defendants engaged in manipulative acts. Manipulation requires "wash sales, matched orders, rigged prices, or some other manipulative act intended to mislead investors by artificially affecting market activity." *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 424 (S.D.N.Y. 2010). The complaint speculates that Moving Defendants manipulated stock prices, but alleges no fact showing that they engaged in any securities transactions, much less manipulative transactions. Plaintiff might have seen securities prices move. But the complaint pleads no fact showing that those price movements reflected manipulation by anyone, let alone by Moving Defendants.[1]

Third, Plaintiff fails to satisfy the PSLRA's "[e]xacting" standards for pleading scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). The PSLRA requires a plaintiff to "state with particularity facts giving rise to a **strong** inference that the defendant acted with" scienter. *Id.* (quoting 15 U.S.C. § 78u-4(b)(2)) (emphasis added). A strong inference is one that is "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324. The complaint contains no fact giving rise to any, let alone the requisite **strong**, inference that any Moving Defendants knew about Plaintiff or his alleged internet posts. The bald assertion that Moving Defendants conspired to punish

---

[1] For the same reason, the complaint fails to plead loss causation – the "causal connection" between a plaintiff's loss and a defendant's alleged misconduct. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). As shown above, the complaint pleads no fact connecting Moving Defendants to the alleged misconduct. Therefore, it fails to connect Moving Defendants to Plaintiff's alleged loss at all, let alone "causally."

Plaintiff for those posts or to deceive him about securities prices is neither cogent nor as compelling as the inference that the price movements he allegedly observed resulted from anything other than normal market forces.[2]

### The CFAA Claims Fail

The CFAA claims fail as a matter of law because the complaint pleads no fact that would establish at least two elements of the claims.  First, the complaint pleads no fact showing that Moving Defendants hacked Plaintiff's devices.  Plaintiff speculates that Moving Defendants must have done so because they "could not have performed the pattern of trades recorded by Plaintiff … without [such] access."  Compl. ¶ 102.  But the complaint lacks any fact connecting Moving Defendants to any hack or trade patterns.  That failure guts Plaintiff's circular speculation that Moving Defendants hacked his devices.  Second, the complaint pleads no cognizable "loss."  18 U.S.C. § 1030(g).  The CFAA defines "loss" as "the cost of responding to an offense" or "damages incurred because of interruption of service."  *Id.* § 1030(e)(11).  But the complaint lacks any allegation that Plaintiff incurred costs investigating the alleged hack or repairing his devices, or that he experienced service interruptions and incurred costs as a result.

### The Sherman Act Claims Fail

The Sherman Act claims are precluded by the securities laws.  In *Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264 (2007), the Supreme Court held that a "clear repugnancy" between the securities and antitrust laws impliedly precludes antitrust claims in civil actions when (1) the SEC has regulatory authority over "the activities in question;" (2) the SEC "exercises that authority" in general; (3) there is a risk that the securities and antitrust laws, if both applicable, would produce "conflicting guidance, requirements, duties, privileges, or standards of conduct;" and (4) the affected practices lie squarely within an area of financial market activity that the securities laws seek to regulate.  *Id.* at 275-76.  All four factors are met here.  Plaintiff's core contention is that Moving Defendants manipulated securities prices, conduct that the SEC regulates and that falls squarely in the heartland of the securities laws.

Regardless, the complaint fails to state a Sherman Act claim because it pleads no fact showing that Moving Defendants conspired at all, let alone conspired to engage in conduct that would violate the antitrust laws.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (reversing lower court because the plaintiffs failed to plead facts sufficient to plausibly show that the defendants had conspired to fix rates in violation of the Sherman Act).

---

[2] The same flaws doom the IIED claims. Plaintiff has not alleged, as he must, any fact showing that any Defendant committed any alleged act, much less intentionally.  *See Asafo-Adjei v. First Sav. Mortg. Corp.*, No. 09-cv-2184, 2010 WL 730365, at *5 (D. Md. Feb. 25, 2010) (dismissing claim because "Plaintiff fail[ed] to identify which Defendants caused his emotional distress").  Nor does he plausibly plead that he suffered emotional distress "so severe as to have disrupted [his] ability to function on a daily basis." *Simon v. Dick's Sporting Goods, Inc.*, No. 22-cv-1238, 2023 WL 4600519, *6 (D. Md. July 18, 2023) (dismissing IIED claim).  Indeed, he admits trading for over a year in a market he believed was being manipulated, paused for two months, then resumed trading after saving up enough money.  *See* Compl. ¶¶ 82, 85-86.

Dated:  February 1, 2024

s/ *Thomas V. Panoff*
Katherine Monks Bleicher (No. 19870)
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C. 20006
(202) 263-3748
(202) 403-3017 – fax
kbleicher@mayerbrown.com

Thomas V. Panoff (admitted *pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 701-8821
(312) 706-8297 – fax
tpanoff@mayerbrown.com

*Counsel for Defendant Wolverine Trading, LLC*

Respectfully submitted,

s/ Michael V. Rella
Stephen J. Crimmins (No. 19123)
Thomas P. DeFranco (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1301 K Street, N.W.
Suite 500 East
Washington, D.C. 20005
(202) 974-4200
stephencrimmins@dwt.com
tomdefranco@dwt.com

Michael Rella (*pro hac vice*)
James K. Goldfarb (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-4230
michaelrella@dwt.com
jamesgoldfarb@dwt.com

Cameron S. Matheson (*pro hac vice)*
DAVIS WRIGHT TREMAINE LLP
4870 Sadler Road, Suite 301
Glen Allen, Virginia  23060
(804) 762-5332
cameronmatheson@dwt.com

*Counsel for Defendants Citadel Securities LLC; GTS Securities, LLC; Virtu Americas LLC; Canaccord Genuity LLC; Susquehanna Securities, LLC; IMC Chicago, LLC; Latour Trading LLC; G1 Execution Services, LLC; Two Sigma Securities, LLC; Clear Street LLC; HRT Financial LP; Flow Traders US Institutional Trading LLC; Maxim Group LLC, and William Blair and Co., LLC*

4892-5176-1569

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 1, 2024, this Notice of Intent to File Motion to Dismiss and Request for Pre-Motion Conference was filed with the Court through the CM/ECF system, which will send notification of this filing to all registered participants as identified on the Notice of Electronic Filing.

                                             *s/ Michael V. Rella*
                                             Michael V. Rella